UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALVIN L. CARTLEDGE,<br><br>            Plaintiff(s),<br><br>  v.<br><br>CITY OF ARLINGTON et al.,<br><br>            Defendant(s). | CASE NO. C25-0573-KKE<br><br>DISMISSAL ORDER |

Plaintiff Calvin Cartledge proceeds *pro se*, suing the City of Arlington and Zachary Marshall for violating his Fourth Amendment rights. Dkt. No. 1-1 at 4. Plaintiff alleges that he was improperly arrested and charged with a DUI even though he passed the breathalyzer test. *Id.* After conducting the mandatory screening under 28 U.S.C. § 1915(a), the Court concludes that the complaint fails to state a claim. As such, the Court dismisses this action without prejudice, and provides leave to amend.

The district court may allow indigent litigants to proceed *in forma pauperis* ("IFP") if they complete a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). Under § 1915, the Court must screen the complaint and dismiss any claims that are "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii)"—

the statute's second ground for dismissal—"is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). This means that the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not meet this standard. *Id.* Because Plaintiff proceeds *pro se*, the Court construes his allegations liberally. *United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020).

Here, the complaint fails to state a claim because it lacks sufficient factual allegations for the Court to assess whether Plaintiff states cognizable claims under the Fourth Amendment. Plaintiff appears to allege that Defendants falsely arrested[1] him without probable cause, but Plaintiff does not provide factual allegations or other details surrounding his arrest and subsequent prosecution, aside from stating that he "blew a 0.00 breath test." Dkt. No. 1-1 at 4. For example, Plaintiff does not explain how the interaction with the police officer started and why he was given a breathalyzer test. Plaintiff needs to provide more facts in order to establish whether the police officer had probable cause to arrest Plaintiff for driving under the influence. *See, e.g.*, McDowell v. Campos, No. 2:23-CV-08680-SB-AJR, 2024 WL 4329069, at *4 (C.D. Cal. Aug. 9, 2024) (finding that plaintiff's factual allegations were insufficient to state a claim for false arrest). As such, the Court must dismiss this action for failure to state a claim.

That said, it is unclear whether the complaint's deficiencies can be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987); *see also Lopez*, 482 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only

---

[1] To state a claim for false arrest, Plaintiff must allege that Defendants arrested him "without probable cause or other justification." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001); *see, e.g.*, Armstrong v. Smith, No. 2:24-CV-00575-GMN-BNW, 2025 WL 1024331 (D. Nev. Apr. 3, 2025) (allowing claim for false arrest to proceed because *pro se* plaintiff sufficiently pled facts around his arrest and charges), *report and recommendation adopted*, No. 2:24-CV-00575-GMN-BNW, 2025 WL 1266757 (D. Nev. Apr. 30, 2025).

where it is obvious that an opportunity to amend would be futile). Therefore, the Court will provide Plaintiff leave to amend to allege additional facts regarding Plaintiff's arrest and charges.

The Court advises Plaintiff that the amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). This means that once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint should show the docket number assigned to this case and be labeled "First Amended Complaint."

Accordingly, the Court ORDERS the following:

1. Plaintiff's complaint is DISMISSED without prejudice and WITH LEAVE TO AMEND; and

2. Plaintiff must file a First Amended Complaint by **August 21, 2025**.

If Plaintiff fails to comply with this order to file an amended complaint, this action may be dismissed for failure to prosecute and failure to obey the Court's order.

Dated this 22nd day of July, 2025.

Kymberly K. Evanson
United States District Judge

DISMISSAL ORDER - 3